UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

FRANCISCA SANTIAGO-NEGRÓN,

Plaintiff,

v.

CARLOS ALBIZU UNIVERSITY, INC., et al.,

Defendants.

Civil No. 08-1612 (JAF)

**O R D E R**

On August 25, 2009, we issued an Opinion and Order granting summary judgment to Defendants on all federal claims in this case. (Docket No. 59.) Prevailing Defendants submitted a bill of costs itemizing certain expenditures as taxable costs in this case on September 25 (Docket No. 62), and subsequently requested payment of costs by Plaintiff (Docket No. 63). Plaintiff opposed the request on October 20 (Docket No. 68), and Defendants replied on November 9 (Docket No. 74). Defendants also petitioned separately for an award of attorney's fees on October 13. (Docket Nos. 65; 75.)

Pursuant to Federal Rule of Civil Procedure 54(d)(1), costs are presumptively "allowed to the prevailing party." Accord In re Two Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 962 (1st Cir. 1993). Under 28 U.S.C. § 1920, taxable costs include, inter alia, fees for "transcripts necessarily obtained for use in the case"; "printing and

Civil No. 08-1612 (JAF)                                                                                                    -2-

witnesses"; "exemplification . . . and making copies of any materials . . . necessarily obtained for use in the case"; and "court appointed experts, . . . interpreters, and . . . special interpretation services under section 1828." The federal district court may not expand the definition of taxable costs beyond this enumerated list. In re Two Appeals, 994 F.2d at 962.

Nevertheless, "a district court may . . . exercise its discretion to disallow a prevailing party's bill of costs in whole or in part . . . [if it] articulat[es] reasons." Id. at 963. Such reasons may include "some fault, misconduct, default, or other action worthy of penalty" on the part of the prevailing party. Id. Also, "a district court may take into account the limited financial resources of a plaintiff in assessing costs." Papas v. Hanlon, 849 F.2d 702, 704 (1st Cir. 1988).

In the instant case, Defendants' list includes $21,248.02 in expenditures relating to the instant case: $6,937.50 for court-appointed experts; $3,105.58 for printing; $4,858.91 in miscellaneous expenses; $2,856.32 for interpreters; $3,318.20 for court reporters; and $171.51 for witnesses. (Docket No. 62-2 at 3.) First, we never appointed experts in this case and to suggest otherwise is incorrect. Second, given no documentation for printing expenses, we deny the claimed amount. Third, Defendants submit invoices for $3,476.89 incurred for electronic legal research (Docket No. 62-2), which is properly part of attorney's fees, InvesSys, Inc. v. McGraw-Hill Cos., 369 F.3d 16, 22-23 (1st Cir. 2004), but Defendants must request this amount under a separate demand for attorney's fees (see Docket No. 65). Fourth, Defendants' other miscellaneous expenditures (Docket No. 62-2 at 3) fall outside the scope of taxable costs, see

Civil No. 08-1612 (JAF)                                                                                      -3-

28 U.S.C. § 1920; we must, therefore, deny them. Fifth, Defendants deducted $74 from payments made to their translator (Docket No. 62-6), so we follow suit.

At the same time, Defendants provide adequate documentation for expenditures for the employment of a court reporter and for witnesses. (Docket Nos. 62-4; 62-5.) Nevertheless, even allowing for costs totaling $6,272.03, Plaintiff adduces evidence that she suffers financial hardship from her inability to find work at an advanced age and meager income from other sources (Docket No. 68). As we disagree with Defendants that Plaintiff's case was entirely frivolous (Docket No. 74), we account for Plaintiff's dire financial situation and further reduce the award of costs by one-half, resulting in $3,136.02 for Defendants, see Papas, 849 F.2d at 704, and would not consider granting attorney's fees.

Lastly, under Federal Rule of Civil Procedure 54(d)(2)(B)(ii), the movant must "specify . . . the statute, rule, or other grounds entitling the movant to the award." Defendants clearly have failed this duty. (Docket No. 65.) Thus, they cannot recover attorney's fees.

Accordingly, we hereby **GRANT IN PART** and **DENY IN PART** Defendants' request for payment of costs (Docket No. 63), and **DENY** Defendants' petition for attorney's fees (Docket Nos. 65; 75). We **ORDER** Plaintiff to pay Defendants the amount of $3,136.02.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 15th day of January, 2010.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                Chief U.S. District Judge